McCormack, J. (concurring).
 

 I concur in the order remanding the case to the Court of Appeals as on reconsideration granted. I write separately to respond to Justice WILDER 's suggestion that the Court of Appeals consider why Mr. Jackson is not permitted to work when evaluating his ability to pay his outstanding court fees. Justice WILDER appears to expect litigants to show good cause for their indigence before their fees will be waived or suspended. I note that neither court rule nor statute permits such a consideration.
 

 MCL 600.2963 governs the commencement of civil actions by prisoners. The statute directs courts to evaluate a claim of indigence on the basis of "a certified copy of [the prisoner's] institutional account, showing the current balance in the account and a 12-month history of deposits and withdrawals for the account." MCL 600.2963(1). If the balance in the prisoner's account is less than the filing fee, the court must require the prisoner to pay a partial filing fee. MCL 600.2963(3). But "if the prisoner has no assets and no means by which to pay the initial partial filing fee," the court may, "pursuant to court rule, waive[ ] or suspend[ ] the payment of fees" until "the reason for the waiver or suspension no longer exists."
 
 [1]
 
 MCL 600.2963(7). The statute does not grant courts the discretion to consider other factors. Even if Justice WILDER is correct that "means by which to pay" may comprise employment income, the statute directs courts to make a determination based on a certified copy of the prisoner's institutional account balance and 12-month history of deposits and withdrawals. Deposits may establish that the prisoner has the means by which to pay a filing fee. But nothing in the statute suggests that the absence of deposits somehow permits a court, sua sponte, to hold an evidentiary hearing to determine if the prisoner has failed to earn money despite being capable of working, or, if he is incapable of working, whether the reason for his inability is one the court finds acceptable.
 

 The court rule, too, limits courts to considering only ability to pay. "If a party shows by ex parte affidavit or otherwise that he or she is unable because of indigency to pay fees and costs, the court shall order those fees and costs either waived or suspended until the conclusion of the litigation." MCR 2.002(D).
 
 Black's Law Dictionary
 
 defines "indigent" as "[s]omeone who is found to be financially unable to pay filing fees and court costs and so is allowed to proceed
 
 in forma pauperis
 
 ."
 
 Black's Law Dictionary
 
 (10th ed.).
 

 Finally, the consideration of a litigant's explanation for indigence is itself constitutionally suspect. Although "fee requirements ordinarily are examined only for rationality, ... access to judicial processes in cases criminal or 'quasi criminal in nature' ... [may not] turn on ability to pay."
 
 MLB v. SLJ
 
 ,
 
 519 U.S. 102
 
 , 123-124,
 
 117 S.Ct. 555
 
 ,
 
 136 L.Ed.2d 473
 
 (1996), quoting
 
 Mayer v. Chicago
 
 ,
 
 404 U.S. 189
 
 , 196,
 
 92 S.Ct. 410
 
 ,
 
 30 L.Ed.2d 372
 
 (1971). All indigent litigants have a fundamental right of access to judicial processes in criminal and
 quasi-criminal cases; a court may not abridge the fundamental rights of some subset of indigents because it finds their poverty inexcusable.
 

 In our system, courts decide
 
 if
 
 a litigant is unable to pay, not
 
 why
 
 a litigant is unable to pay. The alternative Justice WILDER offers is novel, but it is also unworkable. And it has no basis in statute or court rule.
 

 Viviano and Bernstein, JJ., join the statement of McCormack, J.
 

 Since the potentially unconstitutional application of the statute occurred when the Court of Appeals dismissed Mr. Jackson's motion in this case, the relevant question is whether at the time he filed this motion he had assets or means by which to pay an initial partial filing fee, not whether he had "the ability to satisfy his unpaid fees" from the previous action.